IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-89 |
| | ) | (Phillips / Guyton) |
| MELVIN SKINNER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause is before the Court on Defendant Melvin Skinner's Motion to Reconsider [Doc. 24]. Melvin Skinner asks the Court to reconsider its Report and Recommendation issued on April 26, 2007, filed in the predecessor case at 3:06-CR-100 [Doc. 75]. In that document, this Court recommended that the District Court deny Melvin Skinner's Motion to Suppress, filed in the predecessor case at 3:06-CR-100 [Doc. 34]. This Court held that Melvin Skinner did not have standing to contest the search at issue. [Doc. 75 at 27 - 29]. On May 24, 2007, District Court Judge Thomas W. Phillips affirmed that holding. 3:06-CR-100 [Doc.82].

On August 7, 2007, the Sixth Circuit issued an opinion in a case addressing standing to assert a Fourth Amendment challenge to an automobile search, United States v. Ellis, 497 F.3d 606 (6th Cir. 2007). In Ellis, the Sixth Circuit relied in part on the United States Supreme Court ruling in Brendlin v. California, --- U.S. ---- (decided June 18, 2007) that a passenger of a motor vehicle possesses the same standing of the driver to challenge the constitutionality of a traffic stop. The

1

Ellis court held:

> Although a passenger does not have a legitimate expectation of privacy in the searched vehicle, as a passenger a defendant may still challenge the stop and detention and argue that the evidence should be suppressed as fruits of illegal activity.

Ellis, 497 F.3d at 612 (internal citations omitted).

The government opposes reconsideration of the Report and Recommendation, arguing that the issues summarized in Melvin Skinner's request indicate he will be pursuing the same issues that have already been ruled upon. [Doc. 32, at 13]. While this is accurate, the defendant's request to reconsider is based on United States v. Ellis, 497 F.3d 606 (6th Cir. 2007), which was decided after this Court ruled on the issue of standing and after the District Court adopted that recommendation on May 24, 2007. To the extent Melvin Skinner requests leave to argue that the Ellis case sheds new light on the issues, the Court will allow that argument to be made.

Melvin Skinner's Motion to Reconsider **[Doc. 24]** is **GRANTED**. Melvin Skinner may file a brief as to this issue on or before **December 14, 2007**; the United States may respond on or before **January 4, 2008.** After briefs are filed, the Court will take this matter under advisement and issue a Report and Recommendation to the District Court. The Court has already received proof as to the facts of the search and finds it is not necessary to reopen the evidentiary hearing.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge