UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:07-CR-89 |
| V. ) | (Phillips / Guyton) |
| ) | |
| MELVIN SKINNER and ) | |
| SAMUEL SKINNER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court upon two inter-related motions for severance: Melvin Skinner's Motion to Sever [Doc. 18]; and Samuel Skinner's Motion to Sever Trial [Doc. 26]. The United States has responded in opposition at [Doc. 32] and [Doc. 31], respectively. On December 20, 2007, the Court conducted a hearing on these and other pretrial motions. At the hearing, the Court heard argument of counsel and received a proffer of testimony. On December 21, 2007, the Court took the issues presented under advisement.

At the hearing, the government was represented by Assistant United States Attorney Hugh Ward. Melvin Skinner was present was his counsel, Ralph Harwell and Tracy Smith. Samuel Skinner was present with his attorney, Michael McGovern.

**DEFENDANTS' POSITION**

Melvin Skinner and Samuel Skinner have both asked for a severance from one another in the trial of this charge pursuant to Federal Rules of Criminal Procedure, Rule 14. Both defendants state that Melvin Skinner will testify on behalf of Samuel Skinner at a separate trial, but cannot do so in a joint trial.[1] Samuel Skinner raises the additional issue of his arguably minimal involvement in the conspiracy given its extensive span of time, number of participants and geographic range. Because the motions present substantially the same argument in concert, the Court will address them together.

The defendants recognize the preference for joint trial of defendants charged together in a conspiracy, but argue that Melvin Skinner is the sole witness who can testify to rebut the government's case against Samuel Skinner. Melvin Skinner states that he wishes to testify at Samuel Skinner's separate trial, but may jeopardize his own defense were he to testify at a joint trial. The defendants argue that in light of the exculpatory testimony, a severance is appropriate.

Samuel Skinner also argues that his trial should be severed from that of the remaining co-defendants because, assuming the government's theory of the case, his role was so minimal within the scope of the alleged conspiracy that a joint trial would unduly prejudice his defense. Samuel Skinner argues that this is a complex case with "many defendants" with "markedly different degrees of culpability" in which severance is appropriate, quoting Zafiro v. United States, 506 U.S 534, 537 (1003).

---

[1] On July 18, 2006, Melvin Skinner and Samuel Skinner were originally indicted together in United States v. Skinner, et al, 3:06-CR-102. On July 18, 2007, that case was consolidated for trial with another conspiracy indictment, United States v. Jordan, et al, 3:06-CR-100, resulting in the instant case. Although these defendants have been previously set for joint trial at least five times, this issue has not be raised in the past.

## GOVERNMENT'S POSITION

The United States argues that the Court should not sever the trials unless the defendants can meet the four-prong test set forth by the Sixth Circuit for proposed exculpatory testimony of a co-defendant. The government makes the argument that the grant or denial of severance is within the Court's discretion and subject to reversal only in limited circumstances.

## ANALYSIS

Federal Rules of Criminal Procedure, Rule 8(b), provides that "defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." There is a presumption that co-defendants should and will be tried together; this presumption applies equally to defendants charged together in a conspiracy. Zafiro v. United States, 506 U.S 534, 537 (1003); United States v. Tocco, 200 F.3d 401, 413 (6th Cir. 2000).

There are, however, circumstances in which joint trial is inappropriate. Rule 14 provides relief from prejudicial joinder "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trial of counts, sever the defendants' trials, or provide any other relief that justice requires."

At the hearing the defendants and the government agreed that this Court's analysis for determining if severance is warranted in light of one defendant's proposed exculpatory testimony has been set forth by the Sixth Circuit in United States v. Cobleigh, 75 F.3d 242, 248 (6th Cir. 1996); and United States v. Causey, 834 F.2d 1277, 1287 (6th Cir. 1987). The Sixth Circuit has provided four steps for the Court's consideration in this context:

3

> 1. A bona fide need for the testimony.
>
> 2. The substance of the testimony.
>
> 3. The exculpatory nature and effect of the testimony.
>
> 4. Whether the co-defendant will, in fact, testify if the cases are severed. Cobleigh, 75 F.3d 248; and Causey, 834 F.2d at 1287.

Melvin Skinner and Samuel Skinner were arrested together; no other alleged co-conspirators were present. Given the nature of Melvin Skinner's proposed testimony, there may be no other witness capable of testifying to those same facts. The Court finds that Samuel Skinner has demonstrated a bona fide need for the testimony of Melvin Skinner in that no other witness could provide similar testimony.

The Court has considered the affidavit submitted by Melvin Skinner describing his proposed testimony, filed as Exhibit 1 to the December 20, 2007, hearing. Melvin Skinner would testify, essentially, that he and Samuel Skinner traveled to Tucson, Arizona together following a family trip to Las Vegas. Melvin Skinner intended to pick up several hundred pounds of marijuana there and drive it east in his RV, but Samuel Skinner was wholly unaware of this plan. The two went sightseeing in the area and, after some mechanical difficulties, set upon a journey home across Texas on I-40 (Melvin Skinner having secured over 600 pounds of marijuana in the RV, allegedly unbeknownst to Samuel Skinner). Along the way, the RV driven by Melvin Skinner had mechanical problems. Samuel Skinner repaired the RV, but discovered certain "packages" (the marijuana) which he had to move to complete the engine work. According to Melvin Skinner's affidavit, Samuel Skinner was "very upset" with Melvin Skinner over the presence of the "packages." Nonetheless, Samuel Skinner repaired the RV and continued traveling onward with Melvin Skinner and the packages still inside the RV.

While the credibility to be afforded such testimony is not before the Court, the Court finds the content of Melvin Skinner's testimony is not particularly exculpatory. While the testimony favorably explains Samuel Skinner's role in the transport of the marijuana, it establishes his affirmative decision to assist his father by repairing the RV after he became aware that it was transporting hundreds of pounds of marijuana, or as phrased by Melvin Skinner, "the packages." Neither did Samuel Skinner part ways with the operation after making the repair, according to the proposed testimony.

The Court finds that the proffered testimony is not exculpatory as to the United States' allegation against Samuel Skinner. Further, Melvin Skinner's testimony at the separate trial of Samuel Skinner is conditional upon Melvin Skinner being tried first. Where this is true, the fourth prong of the Sixth Circuit's analysis, that the co-defendant will testify if the cases are severed, is not satisfied. United States v. Blanco, 844 F.2d 344, 353 (6th Cir.), cert. denied, 486 U.S. 1046 (1988). The defendants have not demonstrated that the nature of the proposed testimony justifies a separate trial of Melvin Skinner and Samuel Skinner.

The Court also finds that the conspiracy charged by the prosecution is not so disparate as to justify a separate trial for Samuel Skinner given his alleged role. See, Pinkerton v. United States, 328 U.S. 640, 645 (1946); United States v. Myers, 102 F.3d 227, 237 (6th Cir. 1996); United States v. Christian, 942 F.2d 363, 367 (6th Cir. 1991), cert. denied, 502 U.S. 1045 (1992); United States v. Bourjaily, 781 F.2d 539, 544 (6th Cir. 1986); U.S.S.G. § 3B1.2(b).

## CONCLUSION

Finding no basis for severance in the proposed testimony of Melvin Skinner or otherwise, as set forth above, Melvin Skinner's Motion to Sever **[Doc. 18]**; and Samuel Skinner's Motion to Sever Trial **[Doc. 26]** are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge