IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-89 |
| | ) | (Phillips / Guyton) |
| MELVIN SKINNER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause is before the Court on Defendant Melvin Skinner's Motion to Reconsider [Doc. 24] its Report and Recommendation issued on April 26, 2007, filed in the predecessor case at 3:06-CR-100 [Doc. 75]. In that Report and Recommendaation, this Court recommended that the District Court deny Melvin Skinner's Motion to Suppress, filed in the predecessor case at 3:06-CR-100 [Doc. 34]. On May 24, 2007, District Court Judge Thomas W. Phillips affirmed that holding. 3:06-CR-100 [Doc.82].

On November 28, 2007 the undersigned granted the Motion to Reconsider and gave the parties additional time to file briefs [Doc. 52]. The defendant Melvin Skinner filed a Supplemental Brief In Support of His Motion To Suppress [Doc. 59] on December 19, 2007 and the government filed its Response in opposition on January 7, 2008 [Doc. 63].

1

On August 7, 2007, the Sixth Circuit issued an opinion in a case addressing standing to assert a Fourth Amendment challenge to an automobile search, United States v. Ellis, 497 F.3d 606 (6th Cir. 2007). The defendant's arguments center on this opinion. In Ellis, the Sixth Circuit relied in part on the United States Supreme Court ruling in Brendlin v. California, 127 S.Ct. 2400 (2007), that a passenger of a motor vehicle possesses the same standing of the driver to challenge the constitutionality of a traffic stop. The Ellis court held:

> Although a passenger does not have a legitimate expectation of privacy in the searched vehicle, as a passenger a defendant may still challenge the stop and detention and argue that the evidence should be suppressed as fruits of illegal activity.

Ellis, 497 F.3d at 612 (internal citations omitted).

The movant argues that even if he did not have a legitimate expectation of privacy in the cell-phone itself, he is not barred from challenging the search and seizure of the cell phone's cell-site data, or his physical location [Doc. 59]. The government argues, in response, that the Ellis case in no manner "establishes for defendant Skinner, the sole occupant of the recreational vehicle (RV) in question, a Fourth Amendment interest either by standing and/or legitimate expectation of privacy in the satellite signal (GPS) of a cellular telephone subscribed in a fictitious name and used for a criminal purpose." [Doc. 63].

Based upon a careful review of the entire record in this case, as well as the record in 3:06-CR-100, and reconsideration of its Report and Recommendation of April 26, 2007 [Doc. 75 in 3:06-CR-100], the Court finds no basis to change its conclusion in that Report and Recommendation.

2

Accordingly, the relief requested by the defendant Melvin Skinner in Docs. 24 and 59 are not well-taken and it is **DENIED**. The Court finds no cause to present the District Judge with a new Report and Recommendation.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge