# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 3:07-CR-89-PLR |
| | ) |
| GRAY YOUNGBLOOD JORDAN | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the defendant's *pro se* motion for sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines [R. 352]. The government has responded that defendant is ineligible for a resentence reduction because Amendment 782 does not reduce defendant's guideline range below his existing sentence [R. 353]. The government is correct that application of Amendment 782 does not operate to reduce defendant's sentence, and defendant's motion will be denied.

By judgment dated August 31, 2011, this court sentenced defendant to 180 months imprisonment [R. 296]. The Presentence Report determined defendant was responsible for distributing between 3,000 but less than 10,000 kilograms of marijuana, which translated to a base offense level of 34. Because defendant was also a manager or supervisor in the conspiracy, his offense level was increased by three levels. Finally, because defendant was convicted of money laundering, his offense level was increased by another two levels. This resulted in an offense level of 39, with a criminal history I, resulting in an advisory guideline range of 262 – 327 months. This court sentenced defendant to a below-guideline term of 180 months imprisonment upon considering the 18 U.S.C. § 3553(a) factors.

Once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute. *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). One such statute is 18 U.S.C. § 3582(c)(2), which authorizes sentence reductions where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission via a retroactively applicable amendment, such as Amendment 782. But the court is prohibited from reducing a sentence to a term less than the minimum of the amended guideline except under circumstances governed by USSG § 1B1.10. Section 1B1.10 provides just one exception to the rule that a defendant may not receive a sentence below the amended guidelines range – if the defendant originally received a below-guideline sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities. USSG § 1B1.10(b)(2)(2)(B). Defendant did not receive a substantial assistance motion from the government in this case.

Pursuant to Amendment 782, defendant's base offense level would be 37, with a criminal history category I, resulting in an amended guideline range of 210 – 262 months. Defendant's existing 180 month sentence is lower than the amended guideline range. Because defendant has already received a sentence below the amended guideline range, 18 U.S.C. § 3582(c)(2) does not authorize any reduction in his sentence. Accordingly, defendant's motion for sentence reduction [R. 352] is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**